IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

DIONYSSIOS DIAKAKIS,

    Plaintiff,

v.                      Case No:

CITY OF COCOA BEACH,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION AND VENUE

Plaintiff, Dionyssios Diakakis, by and through his undersigned counsel, sues Defendant, City of Cocoa Beach (hereinafter "Defendant" or "City") and alleges as follows:

1. The unlawful employment practices alleged below were committed within Brevard County, Florida.

2. This is an action for damages in excess of Fifteen Thousand ($15,000.00) dollars.

3. This is an action for whistleblower retaliation in violation of Florida Statutes, §112.3187 and retaliation for taking family leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§2601-2654.

4. Plaintiff has complied with all conditions precedent prior to bringing this action including filing a Notice of Presentation of Claim with the City pursuant to Florida Statute, §768.28.

Defendant's Composite Exhibit A to
Notice of Removal

5. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee.

## PARTIES

6. Plaintiff, Dionyssios Diakakis, is a resident of Melbourne, Florida.

7. Defendant, City of Cocoa Beach, is an agency as defined by Florida Statutes, §112.3187.

8. Plaintiff was employed by Defendant in excess of twelve (12) months and for at least 1,250 hours over the twelve (12) months prior to his request for family leave benefits and was an "employee" as defined by FMLA Statute, 29 U.S.C. §2611(2).

9. Defendant employed in excess of fifty (50) employees for each working day during each of twenty (20) or more calendar work weeks in the year culminating in Plaintiff's termination and is an "employer" as defined by FMLA Statute, 29 U.S.C. §2611(4).

## STATEMENT OF CLAIMS

10. Plaintiff started working for Defendant on or about January 28, 1998.

11. Plaintiff was employed as a Systems Analyst at Defendant's Water Reclamation Department and, later, Defendant's Management Information Systems/Information Technology Department.

12. Plaintiff performed his duties at all times in a professional and competent manner.

2

13. On several occasions during his tenure with Defendant, Plaintiff verbally and in writing disclosed, inter alia, misuse of funds, gross mismanagement and unethical operations to officials of the City of Cocoa Beach including the City Manager, Chuck Billias, and the Assistant City Manager, A.J. Huston.

14. On several occasions Messrs. Billias and Huston tried to discourage Plaintiff from lodging further complaints against Defendant and, on one occasion, Mr. Billias threatened that Plaintiff's job was on the line if he continued to lodge complaints of misuse of funds, gross mismanagement and unethical operations.

15. On or about January 21, 2003, Mr. Billias summarily transferred Plaintiff from Defendant's Water Reclamation Department to Defendant's Management Information Systems/Information Technology Department (MIS/IT) at City Hall.

16. After his transfer, Defendant substantially increased Plaintiff's workload and responsibilities.

17. After his transfer, Plaintiff continued to make whistleblower complaints and disclose to City officials, inter alia, misuse of funds, gross mismanagement and unethical operations.

18. On or about March 12, 2004, Plaintiff informed Defendant that he was going to request family leave under the Family and Medical Leave Act in order to adopt a child.

3

8

19. On or about March 15, 2004, Defendant informed Plaintiff in writing that it was abolishing his Systems Analyst position and creating a new Software Developer position.

20. Defendant announced the new Software Developer's position and, on or about May 24, 2004, Plaintiff applied for the new position.

21. On or about May 31, 2004, which was one day after his FMLA leave ended, Defendant abolished Plaintiff's Systems Analyst position, and he was terminated.

22. In or about July 2004, Defendant selected another candidate to fill the Software Developer's position.

23. Plaintiff was better qualified than the selectee for the Software Developer's position.

## COUNT I

## RETALIATORY TRANSFER

24. Plaintiff realleges and incorporates paragraphs 1 through 15 above as though fully set forth herein and claims that Defendant summarily transferred him without prior notice out of the Water Reclamation Department and to the MIS/IT Department because of his whistleblower activity.

25. This action is brought pursuant to Florida Statutes, §112.3187(3)(c) and (4).

26. As a result of Defendant's conduct, Plaintiff suffered loss of self-esteem and emotional distress.

4

27. The violations of Plaintiff's rights by Defendant were intentional, malicious and willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, without limitation:

A. Compensatory damages for loss of dignity and mental anguish.

B. Reasonable attorney fees and costs of this action.

C. Reinstatement to the same or equivalent position.

## COUNT II

## RETALIATORY TERMINATION

28. Plaintiff realleges and incorporates paragraphs 1 through 21 above as though fully set forth herein and claims that Defendant discharged him because of his whistleblower activity.

29. This action is brought pursuant to Florida Statutes, §112.3187(3)(c) and (4).

30. As a result of Defendant's conduct, Plaintiff has suffered damages to his financial welfare by reason of Defendant's retaliatory actions against Plaintiff.

31. As a result of Defendant's conduct, Plaintiff suffered loss of self-esteem and emotional distress.

32. The violations of Plaintiff's rights by Defendant were intentional, malicious and willful.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, without limitation:

A. Back pay plus interest.

B. Compensatory damages for loss of dignity and mental anguish.

C. Front pay.

D. Reinstatement.

E. Reasonable attorney's fees and costs of this action.

## COUNT III

## HOSTILE WORK ENVIRONMENT

33. Plaintiff realleges and incorporates paragraphs 1 through 23 above as though fully set forth herein and claims that Defendant subjected him to a hostile work environment because of his whistleblower activity.

34. The hostile work environment consisted of, inter alia, threats of termination on the part of Plaintiff's superiors if he continued to engage in whistleblower activity, Plaintiff's summary transfer, Defendant's intensification of Plaintiff's workload after he continued to engage in whistleblower activity, retaliation for taking family leave, termination, and non-selection to the Software Developer position.

35. This action is brought pursuant to Florida Statutes, §112.3187(3)(c) and (4).

6

36. As a result of Defendant's conduct, Plaintiff has suffered damages to his financial welfare by reason of Defendant's retaliatory actions against Plaintiff.

37. As a result of Defendant's conduct, Plaintiff suffered loss of self-esteem and emotional distress.

38. The violations of Plaintiff's rights by Defendant were intentional, malicious and willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, without limitation:

A. Back pay plus interest.

B. Compensatory damages for loss of dignity and mental anguish.

C. Front pay.

D. Reinstatement.

E. Reasonable attorney's fees and costs of this action.

### COUNT IV

### RETALIATORY NON-SELECTION

39. Plaintiff realleges and incorporates paragraphs 1 through 23 above as though fully set forth herein and claims that Defendant did not select him to the Software Developer position because of his whistleblower activity.

40. This action is brought pursuant to Florida Statutes, §112.3187(3)(c) and (4).

7

41. As a result of Defendant's conduct, Plaintiff has suffered damages to his financial welfare by reason of Defendant's retaliatory actions against Plaintiff.

42. As a result of Defendant's conduct, Plaintiff suffered loss of self-esteem and emotional distress.

43. The violations of Plaintiff's rights by Defendant were intentional, malicious and willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, without limitation:

A. Back pay plus interest.

B. Compensatory damages for loss of dignity and mental anguish.

C. Front pay.

D. Appointment to the Software Developer position or equivalent position.

E. Reasonable attorney's fees and costs of this action.

### COUNT V

### FMLA RETALIATORY TERMINATION

44. Plaintiff realleges and incorporates paragraphs 1 through 6, 8 through 12, and 18 through 21 above as though fully set forth herein and claims that Defendant retaliated against him for taking family leave to adopt a child in violation of the FMLA, 29 U.S.C. §§2601-2654 when the City abolished his job upon returning from FMLA leave and terminated him.

8

45. Defendant violated 29 U.S.C. §2615(a)(1) which makes it unlawful for an employer to "interfere with, restrain or deny the exercise of or the attempt to exercise any right provided" by the FMLA. Specifically, Plaintiff's right to return from leave to his original position or an equivalent position was interfered with by Defendant because Plaintiff was given no chance for continued employment upon his return. That is, Defendant did not make a good faith effort to continue Plaintiff's employment after he returned from family leave.

46. As a result of Defendant's conduct, Plaintiff has suffered damages to his financial welfare by reason of Defendant's retaliatory actions against Plaintiff.

47. The violations of Plaintiff's rights by Defendant were intentional, malicious and willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, without limitation:

A. Judgment for all wages, salary, employment benefits and other compensation denied or lost by Plaintiff by reason of Defendant's violation of the FMLA.

B. Interest.

C. An additional amount as liquidated damages.

D. An award of reasonable attorney's fees and all costs incurred herein.

E. Reinstatement to the same or equivalent position Plaintiff held at the time of his termination.

## COUNT VI

## FMLA RETALIATORY NON-SELECTION

48. Plaintiff realleges and incorporates paragraphs 1 through 6, 8 through 12, and 18 through 23 above as though fully set forth herein and claims that Defendant retaliated against him for taking family leave to adopt a child in violation of the FMLA, 29 U.S.C. §§2601-2654 when the City failed to select him for the Software Developer position.

49. Defendant violated 29 U.S.C. §2615(a)(1) which makes it unlawful for an employer to "interfere with, restrain or deny the exercise of or the attempt to exercise any right provided" by the FMLA. Specifically, Plaintiff's right to return from leave to his original position or an equivalent position was interfered with by Defendant because Plaintiff was given no chance for continued employment upon his return. That is, Defendant did not make a good faith effort to continue Plaintiff's employment after he returned from family leave.

50. As a result of Defendant's conduct, Plaintiff has suffered damages to his financial welfare by reason of Defendant's retaliatory actions against Plaintiff.

51. The violations of Plaintiff's rights by Defendant were intentional, malicious and willful.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, without limitation:

A. Judgment for all wages, salary, employment benefits and other compensation denied or lost by Plaintiff by reason of Defendant's violation of the FMLA.

B. Interest.

C. An additional amount as liquidated damages.

D. An award of reasonable attorney's fees and all costs incurred herein.

E. Appointment to the Software Developer position or equivalent position.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 26th day of August, 2004.

ALLEN & TRENT, P.A.

*[signature]*
Wayne L. Allen, Esquire
Florida Bar No. 110025
Adrienne E. Trent, Esquire
Florida Bar No. 0060119
Daniel A. Perez, Esquire  *is acting attorney*
Florida Bar No. 0426903
Attorneys for Plaintiff
700 N. Wickham Road, Suite 107
Melbourne, Florida 32935
Phone: (321) 254-7550
Fax: (321) 242-1681

11

IN THE CIRCUIT COURT FOR THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

DIONYSSIOS DIAKAKIS,

    Plaintiff,

vs.

                                    Circuit Civil No.: 05-2004-CA-_____-XXXX-XX

CITY OF COCOA BEACH,

    Defendant.
_____\

## SUMMONS

THE STATE OF FLORIDA:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

        CITY OF COCOA BEACH, FLORIDA
        c/o CITY MANAGER
        2 South Orlando Ave
        Cocoa Beach, FL 32931

    The Defendant is required to serve written defenses to the complaint or Petition on Petitioner's Attorney whose name and address is:

        DANIEL A. PEREZ, ATTORNEY AT LAW
        ALLEN & TRENT, P.A.
        700 N. Wickham Rd., Suite 107
        Melbourne, FL 32935

within 20 days after service of this Summons upon you, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's Attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

                                                                     SCOTT ELLIS

DATED on   AUG 2 6 2004  , 2004.        CLERK OF COURTS
                                                        As Clerk of the Court

                                                        By                BRENDA BEDOR
                                                        As Deputy Clerk